```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | NO. 06-352 |
| BRIAN MASSEY | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant's motion to suppress. (R. Doc. 89.) For the following reasons, the Court DENIES defendant's motion.

Defendant moves to suppress "all evidence seized by law enforcement agents." (Def.'s Mot. Suppress, R. Doc. 89.) Defendant contends that he was unlawfully and illegally approached by members of the Jefferson Parish Sheriff's office and/or federal agents who detained and questioned him without lawful cause. Defendant further contends that he gave the law enforcement agents permission to search his vehicle only because he was intimidated and felt that he had no choice because "he was detained and in his mind already under arrest." (*Id.*) Defendant also filed a supplemental and amending motion to suppress evidence, which slightly narrows the scope of his motion and asks the Court to suppress "all evidence seized by law enforcement agents on November 29, 2006."[1]

---

[1] Although the government contends that the motion is "extremely untimely," it cites no rule in support of its argument that such motions should be filed within ten days of arraignment. Federal Rule of Criminal Procedure 12(b)(3) provides that pre-

The Court finds that it is unnecessary to hold an evidentiary hearing to rule on defendant's motion to suppress. Defendant has not alleged any specific factual issues that are in dispute and merit an evidentiary hearing. "[A]n evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). Factual allegations set forth in the defendant's motion, including any accompanying affidavits, must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id.* (quoting *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972)). In his original motion in which defendant alleged that he was unlawfully and illegally approached, he did not address that the officers had a warrant for his arrest. In his supplemental and amending motion, defendant merely alleges that members of the Jefferson Parish Sheriff's Office searched his vehicle on November 29, 2006 and found two 9mm handguns. He does not allege that the search was unconstitutional. Both motions are insufficient to warrant an evidentiary hearing. *See U.S. v. de la Fuente*, 548 F.2d 528 (5th Cir. 1977) ("defendants must at least allege particular facts which would tend to indicate some government impropriety ... general, conclusory allegations based upon mere suspicions do

---

trial motions to suppress must be raised before trial.

not entitle a defendant to have evidence suppressed.).  As there are no specific factual issues in dispute, the Court will resolve the motion to suppress on the briefs. *See also United States v. Kirk*, 528 F.2d 1057, 1064 (5th Cir. 1976) (finding that it was appropriate for trial court to decide suppression motion without an evidentiary hearing when the issue was one of law).

The Court also finds that defendant fails to show that a prima facie issue exists that the handguns were obtained by an unlawful search and seizure.  As the proponent of a motion to suppress, defendant has the burden of proving, by a preponderance of evidence, that the evidence in question was obtained in violation of his Fourth Amendment rights. *United States v. Kelly*, 981 F.2d 1464, 1467 (5th Cir. 1993); *see also Nardone v. U.S.*, 308 U.S. 338, 341 (1939).  Although defendant contends that he was "unlawfully and illegally detained" on or about October 29, 2006, and that Jefferson Parish Sheriff deputies searched his vehicle on or about November 22, 2006, there is no explanation of why this information is relevant to the motion to suppress evidence seized by law enforcement agents on November 29, 2006.  With respect to the evidence seized on November 29, 2006, including two 9mm handguns, defendant does not even contend that the search was illegal.  In fact, in his supplemental and amending motion, defendant does not include a single statement setting out the legal basis for suppression.

Defendant also ignores the government's response that defendant was arrested by Jefferson Parish law enforcement officers pursuant to a Jefferson Parish warrant for his arrest. His vehicle was then searched as an incident to his arrest. "[T]he burden is on a defendant who seeks to suppress evidence obtained under a regularly issued search warrant to show the want of probable cause." *Batten v. United States*, 188 F.2d 75, 77 (5th Cir. 1951). Defendant does not contend that the arrest warrant was not based on probable cause or that the search went beyond the scope of the warrant. Defendant also does not dispute that he was arrested pursuant to a warrant.[2]

Finally, the Court finds that the guns were lawfully seized during a search incident to arrest. The first gun was seized near Massey, and the second gun was seized from the rear seat, apparently next to defendant's brother. It is well-established that it is not a violation of the Fourth Amendment for an officer to search a vehicle's passenger compartment as a contemporaneous incident of arrest. *See Thornton v. United States*, 541 U.S. 615, 620-24 (2004); *see also United States v. Collins*, 668 F.2d 819 (5th Cir. 1982) (holding that contemporaneous with arrest, secret service agents were entitled to search the passenger compartment of the automobile, including the back seat).

---

[2] Even in his original motion to suppress, defendant alludes that he was arrested. (*See* R. Doc. 89)("he was detained and in his mind already under arrest.")

Accordingly, the Court finds that the guns were seized incident to a lawful arrest, and there is no basis for defendant's conclusory contention that evidence was unlawfully and illegally obtained in violation of the Constitution.  The Court therefore DENIES defendant's motion to suppress.

New Orleans, Louisiana, this  23rd  day of April, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT