UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | NO. 06-352 |
| BRIAN MASSEY | SECTION "R" |

### ORDER AND REASONS

Before the Court is defendant's motion to quash Counts Three, Four, Six, and Eight of the superceding indictment (R. Doc. 104), and defendant's motion to quash Count Seven of the superceding indictment. (R. Doc. 105.)  For the following reasons, the Court DENIES defendant's motion to quash Count Seven and dismisses without prejudice defendant's motion to quash Counts Three, Four, Six, and Eight of the superceding indictment.

**I.    BACKGROUND**

On December 7, 2006, the government issued an indictment charging defendant, Brian Massey, and his co-defendant, Shauna Hamilton, with eight counts of violations of the Federal Firearms Act and the Federal Controlled Substances Act. (R. Doc. 1.) Count One charged the defendants with conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, "crack," a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846.  Counts Two, Three, Four, and Six charged Massey with intentional distribution of cocaine base on

four different dates, all in violation of 21 U.S.C. § 841.[1] Counts Five and Seven charged Massey with possession of a firearm in furtherance of a drug trafficking crime.[2] Count Eight charged Massey and Hamilton with possessing with the intent to distribute 50 grams or more of cocaine base.

On March 10, 2008, the government filed a bill of information to establish Massey's prior state court conviction for possession of crack cocaine. (R. Doc. 65.) On March 11, 2008, Hamilton pleaded guilty to Count 1 of a superceding bill of information. (*See* R. Docs. 66, 68.) On March 13, 2008, the government filed a superseding indictment. The superceding indictment charges Massey with the eight counts of the original indictment and adds Count Nine, charging Massey with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

---

[1] Counts Two and Three charged Massey with knowingly and intentionally distributing 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Four charged Massey with intentional distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

[2] Count Five charged Massey with knowingly possessing a firearm in furtherance of a drug trafficking crime as alleged in Count Four, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Count Seven charged Massey with knowingly possessing a firearm in furtherance of a drug trafficking crime as alleged in Count Six, also in violation of 18 U.S.C. § 924(c)(1)(A)(i).

**II.   DISCUSSION**

    **A.**   **Counts Five & Seven**

Defendant moves to quash Count Seven of the superceding indictment, contending that it is duplicitous of the allegations charged in Count Five of the superceding indictment.  The Court finds defendant's motion without merit.

Counts Five and Seven charge defendant with two separate incidents of possession of a firearm in furtherance of a drug trafficking crime.  Count Five charges defendant with possession of a firearm in furtherance of his alleged distribution of crack cocaine on November 27, 2006, while Count Seven charges defendant with possession of a firearm in furtherance of his alleged distribution of crack cocaine two days later, on November 29, 2006.  The rule in the Fifth Circuit is that multiple firearms offenses under 18 U.S.C. § 924(c) cannot give rise to multiple convictions under § 924(c), unless each firearms charge is sufficiently linked to a separate drug trafficking offense. *See United States v. Privette*, 947 F.2d 1259, 1263 (5th Cir. 1991) (holding that a "firearm charge must be tied to a specific drug trafficking offense to avoid the possibility that the jury will base two firearms charges on the same drug trafficking crime").

In *Privette*, the defendant was charged with two underlying offenses, one count of conspiracy to manufacture amphetamines and one count of possession with intent to distribute amphetamines.

The defendant was also convicted on two § 924(c)(1) counts for two guns seized at the warehouse where the drugs were processed. *Id.* at 1261.  It was unclear whether the jury separated out the guns and tied each to a separate predicate crime, or tied both guns to one drug crime; thus, the court reversed one of the § 924(c)(1) convictions.  Here, the firearm charges in Counts Five and Seven are linked to two separate predicate offenses.  There will be no question that the jury's verdict on Count Five will be tied to the distribution charge in Count Four, while the verdict on Count Seven will be based on the predicate distribution charge in Count Six.  The Court therefore denies defendant's motion to quash.

**B.   Counts Three, Four, Six & Eight**

The Court finds defendant's motion on "sentencing factor manipulation" premature.  Defendant has not been convicted on Counts Three, Four, Six, and Eight of the superceding indictment.  Therefore the Court has no basis for addressing defendant's relevant conduct, base offense level, or other sentencing factors. *See, e.g., United States v. Mitchell*, 50 F.3d 1032 (5th Cir. 1995) (upholding trial court's sentencing decisions, including that government did not unfairly manipulate base offense level); *United States v. Tremelling*, 43 F.3d 148 (5th Cir. 1995) (same).  Defendant offers no legal support for alleging sentencing factor manipulation as a basis to quash a

4

count of an indictment.  Rather, the sole case cited by the defendant, *United States v. Barth*, 788 F. Supp. 1055 (D. Minn. 1992), involved a challenge to the presentence investigation report at the time of sentencing.  Accordingly, defendant's motion to quash is dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to quash Count Seven is DENIED and defendant's motion to quash Counts Three, Four, Six, and Eight of the superceding indictment is dismissed without prejudice.

New Orleans, Louisiana, this  24th  day of April, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT